(No. 90-CV-0944–

*In re* APPLICATION OF RUBEN JONES and IRENE JONES

*Opinion filed May 21, 1991.*
*Notice filed May 21, 1991.*
*Opinion filed February 6, 1992.*

RUBEN JONES and IRENE JONES, *pro se*, for Claimants.

ROLAND W. BURRIS, Attorney General (JAMES MAHER III and ANDREW LEVINE, Assistant Attorneys General, of counsel), for Respondent.

## OPINION

SOMMER, J.

This claim arises out of an incident that occurred on December 9, 1989. Ruben Jones and Irene Jones, father and mother, respectively, of the deceased victim, Ruben F. Jones, seek compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*

This Court has carefully considered the applications for benefits submitted on January 16, 1990, and January 22, 1990, respectively, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That Ruben F. Jones, age 19, was a victim of a violent crime as defined in section 72(c) of the Act, to wit: first degree murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—1). The victim was shot on December 9, 1989, and expired from his injuries on December 10, 1989.

2. That the crime occurred in Chicago, Illinois, and all of the eligibility requirements of section 76.1 of the Act have been met.

3. That the Claimants seek compensation for funeral and medical/hospital expenses incurred as a result of the victim's death.

4. That according to section 80.1(c) of the Act, a person related to the victim is eligible for compensation for funeral, medical and hospital expenses provided that such expenses were paid by him.

5. That funeral and burial expenses were incurred

in the amount of $3,190.50, all of which was paid by the Claimant, Ruben Jones. The Claimant, Irene Jones, did not pay anything towards the funeral expenses. Therefore, pursuant to section 80.1(c) of the Act, she is not entitled to compensation.

6. That the medical/hospital expenses incurred as a result of the victim's death have been paid by insurance, with the exception of $810.00, which is currently pending with the insurance carrier. The Claimants have not paid anything towards this amount and pursuant to section 80.1(c) of the Act, these expenses cannot be considered for compensation at this time. Should either Claimant pay a compensable amount towards this expense, they may petition the Court to reopen consideration of their claim for additional compensation, pursuant to section 86 of the Act.

7. That the Claimant, Ruben Jones, has received no reimbursements that can be counted as an applicable deduction under section 80.1(e) of the Act.

8. That the Claimant, Ruben Jones, is entitled to an award based on the following:

Funeral Expenses $3,000.00

It is hereby ordered that the sum of $3,000.00 be and is hereby awarded to Ruben Jones, father of Ruben F. Jones, an innocent victim of a violent crime.

It is further ordered that the claim of Irene Jones be and is hereby denied.

## NOTICE

TO: Ruben Jones
 10737 South Michigan Avenue
 Chicago, Illinois 60628

Compensation having been paid to the above-named claimant(s) pursuant to the provisions of the

Illinois Crime Victims Compensation Act (Ill. Rev. Stat., 1987, ch. 70, par. 71 *et seq.*), you are hereby notified that the State of Illinois claims a charge against any verdict, judgment or decree entered, or any money or property which is recovered on account of the claim, demand or cause of action against the assailant(s) or any third party who may be liable in damages.

You are further notified that if you seek civil damages from the assailant(s) or any third party who may be liable you must give written notice to the Attorney General of the making of said claim or demand or the filing of said suit for such damages. Neither you nor anyone on your behalf has the authority to release the charge accruing to the State of Illinois by any settlement or compromise with any party who may be liable to you for damages.

## OPINION

SOMMER, J.

This claim arises out of an incident that occurred on December 9, 1989. Ruben Jones and Irene Jones, father and mother, respectively, of the deceased victim, Ruben F. Jones, seek compensation pursuant to the provisions of the Crime Victims Compensation Act. On May 21, 1991, this Court entered an order dated May 21, 1991, awarding $3,000.00 to Claimant Ruben Jones. Irene Jones objected to that order.

A hearing was conducted on this matter on September 19, 1991. Claimant Ruben Jones testified that he paid his son's funeral and burial expenses out of proceeds he received from an insurance policy on his son that named him as the beneficiary.

Claimant Irene Jones testified that she did not expend any money on funeral or burial expenses for her

son. She testified that she paid the premiums on the insurance policy.

According to section 80.1(c) of the Act, a person related to the victim is eligible for compensation for funeral, medical and hospital expenses provided that such expenses were paid by him.

Based upon the Claimants' testimony, the only person in this claim eligible for compensation is Ruben Jones, as he paid the funeral bill. It is therefore ordered that the opinion of this Court dated May 21, 1991, is sustained, and that Ruben Jones is awarded the sum of $3,000.00, if such has not already been paid, and that the claim of Irene Jones be denied.